92 F.3d 1186
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Doris L. VICARS, Petitioner-Appellant,
v.
RAILROAD RETIREMENT BOARD, Respondent-Appellee.
 No. 94-4339.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1996.
 
 Before: MERRITT, Chief Judge; BOGGS, Circuit Judge; and O'MEARA, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Doris L. Vicars appeals the finding of the Railroad Retirement Board (the "Board") that its employees did not deter her application for a spousal annuity and that consequently she was not entitled to an earlier "start date" and retroactive benefits.
 
 I.
 
 2
 Petitioner's husband worked for the railroad for thirty-five years until he became disabled in 1983. On August 31, 1983, Petitioner's husband filed an application for disability benefits under the Railroad Retirement Act of 1974, 45 U.S.C. § 231 ("Act"). In the application he disclosed that he was married and the father of a minor child. Beginning in September 1983 and continuing until May 1991, Petitioner's husband made twenty-two phone calls to the Board's Indianapolis office in an attempt "to ascertain ... [their] rights ... to any monetary benefits for [their] daughter."[1] In the course of the twenty-first call, a Board employee suggested Petitioner's husband telephone the Cincinnati office which informed him "for the first time, that [they] were entitled to a spousal annuity."[2]
 
 
 3
 Immediately thereafter, on May 29, 1991, Petitioner applied for a spousal annuity. On July 26, 1991, she was notified of her award, which was granted effective November 1, 1990. Title 45 U.S.C. § 231d(a)(iii) provides that the annuity start date can be no earlier than six months from the time the recipient filed the application. Petitioner subsequently requested that the Board reconsider her annuity start date. Pursuant to the statute, December 1986, the month of her husband's sixtieth birthday, was the earliest time Petitioner was eligible for the annuity.
 
 
 4
 It is uncontested that Petitioner's first and only direct contact with the Board was in May 1991, when she filed her application. All earlier communication with the Board was conducted by her husband, whose "scripted" inquiries pertained to his minor daughter's entitlement to "money benefits" through his pension.[3] Petitioner's husband never asked about his wife's possible eligibility for benefits in any of his telephone calls to the Indianapolis field office.
 
 
 5
 In her appeal, Petitioner asserts that her husband, acting as her agent, was deterred from filing an application for spousal annuity and because of this she is entitled to a retroactive filing date and back benefits.
 
 II.
 
 6
 A decision of the Railroad Retirement Board is subject to review by the court of appeals pursuant to 45 U.S.C. § 231g, incorporating 45 U.S.C. § 355(f), which provides that after the petitioner exhausts all administrative remedies, the court
 
 
 7
 shall have power to enter a decree affirming, modifying, or reversing the decision of the Board, with or without remanding the cause for rehearing. The findings of the Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive. No additional evidence shall be received by the court.... The judgment and decree of the court shall be final, subject to review as in equity cases.
 
 
 8
 Id. § 355(f).
 
 
 9
 In the Sixth Circuit, the law is "well settled that a decision of the Railroad Retirement Board regarding entitlement to benefits under the Railroad Retirement Act ... is not to be set aside on judicial review if it is supported by substantial evidence in the record and is not based on an error of law." Coker v. Gielow, 806 F.2d 689, 693 (6th Cir.1986), cert. denied, 482 U.S. 906 (1987). In construing the Act, the Board's interpretation "should be upheld if it is not fundamentally inconsistent with the language and purpose of the statute." Id.
 
 III.
 
 10
 The Code of Federal Regulations, 20 C.F.R. § 217.21, which describes the procedure for applying for an annuity, requires an applicant to file the requisite form and provides that a "person who telephones or visits a Board office ... [who] puts off filing because of an action or lack of action by an employee of the Board, can establish a filing date based on that oral notice" if the Board employee deterred the person from completing the process of applying for benefits by failing to:
 
 
 11
 (1) Tell the person that it was necessary to file an application on the proper form; or
 
 
 12
 (2) Tell the person that a written statement could protect the filing date; or
 
 
 13
 (3) Give the person the proper application form; or
 
 
 14
 (4) Correctly inform the person of his or her eligibility.
 
 
 15
 Id.
 
 
 16
 Because Petitioner neither called nor visited a Board field office until May 1991, when she properly filed her application for spousal annuity, she fails to meet the express requirement of the regulations for the purpose of establishing an earlier filing date. Petitioner herself could not have been deterred from filing her application before May 1991 because until that time she had no personal contact with a Board employee.
 
 
 17
 Petitioner argues that her husband was acting as her "agent" in his twenty-three calls to the Board field offices. His questions, however, related only to possible money benefits for his minor daughter; he never inquired whether an annuity or other benefit was available to his wife.
 
 
 18
 Petitioner further asserts that Board employees with access to her husband's file, from which his familial status could have been determined, had an affirmative duty to determine her eligibility for a spousal annuity and inform him of it. The Board, however, interprets its duty under the statute differently. "[T]he Board is not required to solicit applications from the public. Potential beneficiaries, themselves, must establish entitlement by filing an application."[4] In denying Petitioner's appeal, the hearing officer concluded that "the field office responses to the appellant's husband were correct and reasonable.... To afford this appellant any further annuity retroactivity [sic] would be contrary to both the literal reading and intent of the Board's own regulations."[5]
 
 IV.
 
 19
 The court need not decide whether Petitioner's husband was her agent for the purpose of this appeal because neither Petitioner nor her husband was deterred from filing an application for spousal annuity by Board employees. In addition, the hearing officer's conclusion that the statute and the Board's regulations do not contemplate an affirmative duty on Board employees to establish entitlement to a spousal annuity is entitled to substantial deference by the court. Coker v. Gielow, 806 F.2d 689, 693 (6th Cir.1986), cert. denied, 482 U.S. 906 (1987).
 
 
 20
 Petitioner's appeal from the Board's decision is DENIED.
 
 
 
 *
 The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Undated letter from Petitioner to the Board, J.A. at 17. Petitioner's husband made a total of twenty-three calls to Board field offices, twenty-two to the Indianapolis field office, and one to the Cincinnati office. More than half of the calls were made after Petitioner was eligible for the annuity. Id. at 8
 
 
 [2]
 Id. at 17
 
 
 [3]
 Aff. of Paul Vicars, J.A. at 26
 
 
 [4]
 Decision of Joseph Drantz, Hearings Officer, J.A. at 34
 
 
 [5]
 Id. at 35