# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-60116
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2025

Lyle W. Cayce
Clerk

Patricia Gail Mabrey,

*Petitioner*,

*versus*

United States Railroad Retirement Board,

*Respondent*.

————————————————————

Appeal from the Railroad Retirement Board
Agency No. 24-AP-0002

————————————————————

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Patricia Gail Mabrey is the spouse of a retired railroad employee and became eligible for a spousal annuity as early as September 1, 2014. She did not apply for that benefit until September 19, 2022—the day a Railroad Retirement Board representative informed her that she was not receiving the spousal annuity to which she was entitled. Mabrey now receives a spousal annuity under Section 2(c) of the Railroad Retirement Act, with an annuity

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

beginning date of March 1, 2022. *See* 45 U.S.C. § 231a(c). Mabrey contends that the Board should have granted her an earlier annuity beginning date because: (1) she never received written notice from the Board informing her of her eligibility to apply for a spousal annuity; and (2) Board personnel allegedly deterred her from filing an application by failing to properly advise her of her benefit options. The Board rejected both arguments.[1] So do we.

Mabrey's first argument fails because she has identified no authority—and we are aware of none—establishing that the Board is legally obligated to provide individual notice to each railroad employee or annuitant regarding all potential retirement benefits. To the contrary, persuasive authorities indicate that it is the responsibility of the claimant to establish entitlement by filing an application. *See, e.g.*, *Vicars v. U.S. R.R. Ret. Bd.*, No. 94-4339, 92 F.3d 1186, 1996 WL 422487, at *2 (6th Cir. July 26, 1996) (unpublished table decision).

Second, the Board did not err when it determined that its staff did not deter Mabrey from filing her spousal annuity application sooner. Under the Board's regulations, "[a] person who telephones or visits a Board office stating that he or she wishes to file for an annuity or lump sum, but puts off filing because of an action or lack of action by an employee of the Board, can establish a filing date based on that oral notice" if several conditions are met. 20 C.F.R. § 217.21. Mabrey argues that during four phone conversations with Board staff between 2018 and 2019, staff members failed to inform her of her eligibility to file, thereby deterring her from applying. But substantial

---

[1] We will not set aside the Board's decision if its factual findings are supported by substantial evidence and its decision is not based on an error of law. *Kurka v. U.S. R.R. Ret. Bd.*, 615 F.2d 246, 249–50 (5th Cir. 1980). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

evidence supports the Board's finding that Mabrey did not, within the meaning of the regulation, indicate a present intent to file for an annuity. According to the Board's Contact Log, Mabrey did not inquire about applying for a spousal annuity or about her eligibility for benefits during these communications. Rather, the Log reflects that her inquiries were limited to issues related to Medicare Part B and tax forms. *Cf. Ill. Cent. R.R. Co. v. Norfolk & W. Ry. Co.*, 385 U.S. 57, 69 (1966) ("It is not for the court [on substantial evidence review] to strike down conclusions that are reasonably drawn from the evidence and findings in the case."); *Arkansas v. Oklahoma*, 503 U.S. 91, 112–13 (1992) ("A court reviewing an agency's adjudicative action should accept the agency's factual findings if those findings are supported by substantial evidence . . . [and] should not supplant the agency's findings merely by identifying alternative findings that could be supported by substantial evidence."). We therefore agree with the Board that Mabrey does not meet the requirements of § 217.21 and cannot show that personnel deterred her from filing sooner.

Although we are sympathetic to Mabrey's situation and her frustration with the Board's lackluster customer service, we are not persuaded that the Board's decision is unsupported by substantial evidence or contrary to law. The petition for review is DENIED.